UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

FRANK ANTHONY CUDA and            Case No.: 10-40037-LMK
PAMELA BENNETT CUDA,           Chapter 11 Proceeding

    Debtors.
_____/

## OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN
(Submitted by Creditor, Capital City Bank)

CAPITAL CITY BANK ("CCB"), a creditor in the above-styled Chapter 11 Bankruptcy proceeding, by and through its undersigned attorney, objects to the confirmation of Debtor's *First Amended Plan of Reorganization* (hereinafter "the Plan"), moves the Court to deny confirmation of the Plan, and as grounds therefor would show:

1. The Plan identifies CCB as the sole member of the Class III Claims, such claim(s) being secured by a mortgage lien on the Debtors' residence and that investment lot located at 20 Beaty Taff Drive, Shell Point Beach, Wakulla County, Florida (hereinafter "Lot 20").

2. The Plan provides that CCB, as the sole creditor under the Class III Claims, shall be paid in part by the surrender Lot 20 at a value of $250,000.00. The Plan further provides that such credit of $250,000.00 shall be first applied to any pre-petition arrears against the debt secured by such real property. Such debt was current as of the petition date and CCB understands that there are no pre-petition arrears on such

1

mortgage loan.  The Plan goes on to provide that such credit of $250,000.00 shall then be applied to reduce principal on the balance of the related mortgage loan.  It is this principal reduction and the $250,000.00 stated amount of this anticipated principal reduction to which CCB objects.

3. CCB objects to the Plan requiring CCB grant Debtors a principal reduction on the subject mortgage loan.  Even if such a principal reduction were proper, there is no evidence of valuation for Lot 20 before the Court that would justify or substantiate a principal reduction to the related mortgage loan in the amount of $250,000.00.  Because Lot 20 secures that mortgage loan also encumbering the Debtors' homestead real estate, such Lot 20 should remain as collateral securing such mortgage loan until and unless such mortgage loan is paid in full or until and unless that Lot 20 can be sold at arm's length with a resulting partial payoff of the related mortgage loan.

Wherefore, CCB respectfully objects to the confirmation of the Plan and moves the Court to deny confirmation thereof.

Respectfully Submitted,

 /s/ Garvin B. Bowden
GARVIN B. BOWDEN
Florida Bar ID No.: 0145122
Gardner, Bist, Wiener, Wadsworth & Bowden, P.A.
1300 Thomaswood Drive
Tallahassee, Florida 32308
Telephone No.: (850) 385-0070
Facsimile No.: (850) 385-5416
E-mail: garvin@gbwlegal.net

Attorneys for Creditor, Capital City Bank

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing has been duly served upon the following parties by electronic means or by mailing same via United States mail, properly addressed and postage prepaid:

    Allen Turnage, Esq.
    Law Office of Allen Turnage
    Post Office Box 15219
    Tallahassee, Florida 32317
    (Attorney for Debtors)

    Charles F. Edwards, Esq.
    Office of U.S. Trustee
    110 East Park Avenue, Ste. 128
    Tallahassee, Florida 32301
    (Attorney for U.S. Trustee)

    Ronald A. Mowrey, Esq.
    Mowrey Law Firm, P.A.
    515 North Adams Street
    Tallahassee, Florida 32301
    (Attorney for Wakulla Bank)

this the 31st day of March, 2010.

                                                  **/s/ Garvin B. Bowden**
                                                  GARVIN B. BOWDEN